# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **YOSINBEK KHOTAMJON UGLI TOJIBEKOV**, <br> Petitioner, <br><br> vs. <br><br> **JAMAL JAMISON, Warden of The Philadelphia Federal Detention Center; MICHAEL ROSE, Field Office Director of Enforcement and Removal Operations, Philadelphia Field Office, Immigration and Customs Enforcement**, <br> Respondents. | No. 26-cv-00467-JMY |

## ORDER

**AND NOW**, this 3rd day of February 2026, upon consideration of the Petition for Writ of Habeas Corpus (Petition, ECF No. 1), the Government's Response in Opposition to the Petition for Writ of Habeas Corpus (ECF No. 4), it is hereby **ORDERED** that the Petition (ECF No. 1) is **GRANTED** as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);[1]

2. The Government shall **RELEASE** Petitioner from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on February 5, 2026;

3. If the Government chooses to pursue re-detention of Petitioner pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1226.1(c)(8), (d)(1), etc.; and

4. The Clerk of Court shall mark this case closed.[2]

BY THE COURT:

*/s/ John Milton Younge*
**JOHN MILTON YOUNGE, J.**

---

¹ Petitioner is eligible for parole; therefore, he is no longer subject to mandatory detention under 8 U.S.C. § 1225(b). Further, the Petitioner was not, at the time of arrest, paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A), and therefore, Petitioner could not be returned to mandatory custody under 8 U.S.C. § 1225(b). The Court recognizes that the Government may, under some circumstances, briefly detain an individual convicted of certain crimes; however, there is no indication that Petitioner has been convicted of any felony offenses. Accordingly, the Court finds that Petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a). Under § 1226(a), a petitioner shall, upon request, be afforded a bond hearing. 8 C.F.R. 236.1(d) & 1003.19(a)-(f).

² On January 20, 2026, Petitioner was detained outside a supermarket and transported to the Federal Detention Center in Philadelphia, Pennsylvania where removal proceedings were initiated. (Petition for Writ of Habeas Corpus; ECF No. 1.) Petitioner entered the United States without inspection on or around September 22, 2023 through the Mexican border and was apprehended after his entry. (*Id.*) Petitioner was detained briefly before being released on his own recognizance because he did not pose a danger or a flight risk. (*Id.*) Petitioner has lived in the United States since his detention by DHS. (*Id.*)

Based on Petitioner's individualized facts and circumstances, Petitioner has a pending asylum claim and has filed his I-589, Application for Asylum, Withholding of Removal and protection under the Convention Against Torture based on fear of persecution in Uzbekistan. Notwithstanding, DHS has now placed Petitioner in detained removal proceedings. Petitioner does not have a criminal record. Further, Petitioner was detained with no opportunity to respond to the decision to detain him or an opportunity to post bond.

The Government contends that: (1) this Court lacks jurisdiction to intervene in removal proceedings, (2) Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and (3) his detention does not violate Constitutional due process requirements.

Federal district courts located within the Eastern District of Pennsylvania have rejected the arguments advanced by the Government in its Response in Opposition to the Petition for Writ of Habeas Corpus.  *See e.g., Muev v. O'Neill,* No. CV 25-7172 (E.D. Pa. Jan. 13, 2026); *Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. CV 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. CV 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025); *Centeno Ibarra v. Warden of the Fed. Det. Ctr. Phila.*, No. CV 25-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025).

Federal district courts located outside of the Eastern District of Pennsylvania have similarly rejected the Government's position.  *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123 (D. Or. 2025); *A-J-R v. Rokosky*, 2026 WL 25056 (D.N.J. 2026); *Munoz Materano v. Arteta*, 2025 WL 2630826 (S.D.N.Y. 2025); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128 (W.D.N.Y. 2025); *Pablo-Mendoza v. Lynch*, 2026 WL 40070 (W.D. Mich. 2026); *Yakubiv v. Raycraft*, 2026 WL 19099 (W.D. Mich. 2026); *Guerrero Rujano v. Lynch*, 2026 WL 18618 (W.D. Mich. 2026); *Gabriel v. Bondi*, 2025 WL 3443584 (D. Minn. 2025); *Rodriguez Cabrera v. Mattos*, 2025 WL 3072687 (D. Nev. 2025); *L-J-P-L- v. Wamsley*, 2025 WL 2430268 (D. Or. 2025); *Ramirez*

*Tesara v. Wamsley*, ___ F. Supp. 3d ___ (W.D. Wash. 2025); *E.A.P.C. v. Wofford*, 2026 WL 32833 (E.D. Cal. 2026); *Ana Gisela Valle Garcia v. Chesnut*, 2025 WL 3771348 (E.D. Cal. 2025); *Selim Kirboga v. LaRose*, 2025 WL 3779426 (S.D. Cal. 2025); *J.E.H.G. v. Chesnut*, 2025 WL 3523108 (E.D. Cal. 2025); *Aguilera v. Albarran*, 2025 WL 3485016 (E.D. Cal. 2025); *Castillo v. Wofford*, 2025 WL 3466064 (E.D. Cal. 2025); *E.A.P.C. v. Wofford*, 2025 WL 3289185 (E.D. Cal. 2025); *Arias v. LaRose*, 2025 WL 3295385 (S.D. Cal. 2025); *M.R.R. v. Chestnut*, 2025 WL 3265446 (E.D. Cal. 2025); *Ramandi v. Field Office Director, ICE ERO San Francisco*, 2025 WL 3182732 (E.D. Cal. 2025); *M.V.I. v. Andrews*, 2025 WL 3154403 (E.D. Cal. 2025); *O.P.A.M. v. Wofford*, 2025 WL 3120552 (E.D. Cal. 2025); *C.A.R.V. v. Wofford*, 2025 WL 3059549 (E.D. Cal. 2025); *J.S.H.M. v. Wofford*, 2025 WL 2938808 (E.D. Cal. 2025); *Noori v. LaRose*, 2025 WL 2800149 (S.D. Cal. 2025); *Espinoza v. Kaiser*, 2025 WL 2675785 (E.D. Cal. 2025); *Espinoza v. Kaiser*, 2025 WL 2581185 (E.D. Cal. 2025); *Espinoza v. Kaiser*, 2025 WL 2609456 (E.D. Cal. 2025); *Martinez Hernandez v. Andrews*, 2025 WL 2495767 (E.D. Cal. 2025); *Salazar v. Kaiser*, 2025 WL 2456232 (E.D. Cal. 2025); *Garcia v. Andrews*, 2025 WL 2420068 (E.D. Cal. 2025); *Castellon v. Kaiser*, 2025 WL 2373425 (E.D. Cal. 2025); *Maklad v. Murray*, 2025 WL 2299376 (E.D. Cal. 2025); *Villegas-Gonzalez v. Lynch*, 2025 WL 3767939 (W.D. Mich. 2025); *Morales Benavente v. Raycraft*, 2025 WL 3760755 (W.D. Mich. 2025); *Kenzhebaev v. Noem*, 2025 WL 3737975 (W.D. Mich. 2025); *Padilla Hernandez v. Raycraft*, 2025 WL 3730936 (W.D. Mich. 2025); *Tezara Munoz v. Lynch*, 2025 WL 3687338 (W.D. Mich. 2025); *Gil Pirona v. Noem*, 2025 WL 3687339 (W.D. Mich. 2025); *Rodriguez v. Raycraft*, 2025 WL 3673583 (W.D. Mich. 2025); *Quintero-Martinez v. Raycraft*, 2025 WL 3649515 (W.D. Mich. 2025); *Marin v. Lynch*, 2025 WL 3533028 (W.D. Mich. 2025); *Arevalo v. Lynch*, 2025 WL 3522106 (W.D. Mich. 2025); *Ocanto v. Lynch*, 2025 WL 3522113 (W.D. Mich. 2025); *Martinez v. Raycraft*, 2025 WL 3511093 (W.D. Mich. 2025); *Zelaya v. Lynch*, 2025 WL 3496472 (W.D. Mich. 2025); *Huaman Villanueva v. Chestnut*, 2026 WL 19120 (E.D. Cal. 2026); *Colina-Meira v. Lyons*, 2025 WL 3769424 (E.D. Cal. 2025); *Mohammadi v. LaRose*, 2025 WL 3731737 (S.D. Cal. 2025); *Bornachera Florez v. Robbins*, 2025 WL 3718832 (E.D. Cal. 2025); *Gergawi v. LaRose*, 2025 WL 3719321 (S.D. Cal. 2025); *Martinez v. LaRose*, 2025 WL 3677938 (S.D. Cal. 2025); *Singh v. Albarran*, 2025 WL 3640678 (E.D. Cal. 2025); *Ramirez-Bibiano v. LaRose*, 2025 WL 3632748 (S.D. Cal. 2025); *Yasin v. LaRose*, 2025 WL 3638140 (S.D. Cal. 2025); *Khorsheed v. LaRose*, 2025 WL 3638141 (S.D. Cal. 2025); *Bora v. Otay Mesa Detention Center Warden*, 2025 WL 3539166 (S.D. Cal. 2025); *A.V.V. v. LaRose*, 2025 WL 3493566 (S.D. Cal. 2025); *Araujo v. LaRose*, 2025 WL 3278016 (S.D. Cal. 2025); *Perez v. LaRose*, 2025 WL 3171742 (S.D. Cal. 2025); *Ramazan M. v. Andrews*, 2025 WL 3145562 (E.D. Cal. 2025); *Salazar v. Casey*, 2025 WL 3063629 (S.D. Cal. 2025); *Villanueva v. Chestnut*, 2025 WL 2996559 (E.D. Cal. 2025); *Boutta v. Raycraft*, 2025 WL 3628232 (W.D. Mich. 2025).

      Accordingly, Petitioner's mandatory detention without the opportunity for a bail hearing is unlawful.